EDNA DEVLIN, ADMINISTRATRIX AD PROSEQUENDUM OF
    CATHERINE DEVLIN, DECEASED, PLAINTIFF, v.
    CHARLES F. HERR, RECEIVER FOR STATE MUTUAL
    LIABILITY INSURANCE COMPANY, A CORPORATION
    OF THE STATE OF NEW JERSEY, DEFENDANT.

Submitted December 8, 1922.    Decided March 5, 1923.

1. Where a liability insurance company refuses to pay a judgment
   in a suit, under the Death act, by the administratrix *ad prose-
   quendum* of the decedent, against the owner of a jitney bus in-
   sured by that company's policy issued pursuant to the Kates act
   (*Pamph. L.* 1916, *p.* 283), which policy provides that the com-
   pany agrees to and "will pay, any final judgment up to $5,000,
   recovered by any person on account of ownership, maintenance
   and use of the automobile," it is proper for such plaintiff as
   administratrix *ad prosequendum* to maintain an action against
   such company to establish its liability under such policy.
2. In an action against an insurance company to establish its lia-
   bility to pay a judgment obtained by the plaintiff against an
   owner of a jitney bus insured by the company, pursuant to the
   Kates act (*Pamph. L.* 1916, *p.* 283), the record of judgment (in-
   clusive of the complaint and answer), in the suit against the
   owner of the jitney bus is admissible in evidence.
3. Where a policy of insurance had been technically proven, it is
   no objection to its admission in evidence that there was no in-
   dependent proof that a rider attached thereto was so attached
   before delivery. The presumption is that it was so attached, in
   the absence of proof to the contrary.
4. An accident policy issued, pursuant to the Kates act (*Pamph. L.*
   1916, *p.* 283), to a jitney bus owner who proposes to operate a
   jitney bus in a certain part of the city of Newark, which policy
   provides that it does not cover loss while the jitney is being used
   outside the limits of the State of New Jersey or in any munici-
   pality where consent to operate as a jitney has not been ob-
   tained—*Held*, to cover injury to a pedestrian while the jitney
   was being operated on a street of the city of Newark, even though
   somewhat off of the precise route designated in the consent of the
   city and proposed by the insured.

On defendant's rule to show cause why plaintiff's verdict
should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the rule, *John Warren.*

Contra, *Lehlbach & Van Duyne.*

The opinion of the court was delivered by

TRENCHARD, J. The State Mutual Liability Insurance Company issued a policy to the owner of a jitney bus, the policy being in the form required by the Kates act. *Pamph. L.* 1916, *p.* 283.

Plaintiff's decedent was killed in an accident for which the owner of the jitney bus was claimed to be responsible, and suit was brought under the Death act against such owner for the pecuniary loss sustained. The trial resulted in a verdict against him for $2,500 and costs, and judgment was entered thereon. That judgment not being paid by the insurance company this suit was instituted against it, and a verdict recovered for the amount thereof with interest and costs. Thereupon the defendant obtained this rule to show cause why such verdict should not be set aside.

The first ground upon which we are asked to set aside the verdict is that this action was improperly brought by the plaintiff as administratrix *ad prosequendum,* instead of by a general administrator of the decedent. But there is no merit in that contention. The Kates act, in pursuance of which the policy was issued, declares that "such insurance policy shall provide for the payment of any final judgment recovered by any person on account of the ownership, maintenance and use of such auto bus." &c. By the terms of the policy, the company, in consideration of the premium paid, "covenants and agrees to satisfy and discharge all final judgments recovered through due process of law by any person or persons against the herein named assured on account of accidents insured by this policy;" and by the "jitney endorsement" contained in the policy it is provided that "notwithstanding anything contained in this policy to the contrary, this company will pay any final judgment up to $5,000 recovered by any person on account of ownership, maintenance and use of the automobile," &c.

Under this contract, therefore, the company was bound to pay the judgment recovered by the administratrix *ad prosequendum,* and this obligation is not affected by the supplement to the Death act, chapter 180 of *Pamph L.* 1917 *p.* 531. True that act provides that no payment in settlement or in satisfaction of any judgment recovered under the Death act shall be made to the administrator *ad prosequendum,* but only to the general administrator. But it also declares that the suit shall be brought by an administrator *ad prosequendum,* except where deceased dies testate. It is plain, therefore, that the present suit was properly brought by the administratrix *ad prosequendum* in furtherance of the original suit.

The next point is that the court erred in admitting in evidence the record of the judgment (inclusive of the complaint and answer) in the suit brought by the plaintiff against the owner of the jitney bus. The contention is that nothing but the judgment itself should have been admitted, and that the complaint and answer should have been excluded. Not so. The whole record, inclusive of the complaint and answer, was properly admissible.

The next point is that the court erred in admitting in evidence the policy of insurance. It is conceded that the policy was technically proven. But the ground of objection to its admission was that there was no independent proof that a rider attached to the policy was so attached at the time of the delivery. But the presumption of law was that it was so attached, and if any fraud had been perpetrated, the burden was on the defendant to prove it by showing that the rider was not a part of the contract.

The next point is that the trial judge erred in refusing to nonsuit and to direct a verdict. We think not. The contention is based upon the theory that the jitney, at the time of the accident, was not being operated over a route designated by the licensing authorities of the city of Newark or by that designated in the policy. It is true that the policy stated that the insured "proposes to operate a jitney in Port Newark," and that the accident happened in a street in New-

ark somewhat apart from that locality and somewhat off of the route designated by the city of Newark in its consent. And the defendant's contention is that as soon as the jitney bus was operated outside of the locality known as Port Newark, or off the route designated by the city, the insurance policy ceased to be of any benefit to the traveling public. This contention is without merit and is in entire disregard of the express terms of the policy to the effect that the policy does not cover loss while the jitney is being used or operated outside of the limits of the State of New Jersey or in any municipality where consent to operate as a jitney has not been obtained. Both the policy and the jitney indorsements referred to the municipality and its fiscal officer, wherein the insured is licensed to operate. Certainly the insurance company, by stating in its policy that the insured proposed to operate in a specified locality within a city or municipality, cannot thereby invalidate its policy, which by its provisions covered the entire city wherein consent had been given. See *Connell* v. *Commonwealth Casualty Co.*, 96 *N. J. L* 510.

The last contention is that the verdict of the jury, finding that the bus in question was a jitney bus and was being used at the time of the accident as such, was against the weight of the evidence. But that clearly is not so.

The rule will be discharged.