GEORGE O. KNAPP, complainant-respondent,

*v.*

HEIDRITTER LUMBER COMPANY, defendant-appellant.

[Argued October 21st, 1925.   Decided February 1st, 1926.]

1. A bill of complaint, which on its face does not show a cause of action, should be stricken out by the court, when moved to do so, on notice.

2. Under *P. L. 1898 p. 481; P. L. 1903 p. 541 § 28,* which provides that it shall be lawful to maintain an action on a contract by one person against another, notwithstanding the consideration of the contract did not move from such person, it must appear that the contract was made for that person's benefit, a possible benefit to such a person by the performance of the contract is not enough to give him the right to maintain an action upon the contract.

On appeal from an order of the court of chancery.

*Mr. Harry A. Augenblick,* for the appellant.

*Mr. Albert W. Harris,* for the respondent.

The opinion of the court was delivered by

BLACK, J.

The complainant, who was the defendant in an action of law, filed a bill to enjoin the action. Also, to compel the defendant to execute and deliver to the complainant a release of a mechanics' lien. The mechanics' lien was filed against the land described in the bill of complaint located in the village of South Orange. The action at law, as stated in the bill of complaint, was commenced to enforce the mechanics' lien claim. The mechanics' lien claim amounted to the sum of $3,135.09 and was for lumber furnished to a contractor, Samuel J. Hale, for the erection and construction of the building of the complainant.

The bill of complaint alleges and seeks to have the benefit of an agreement, made in the month of September, 1924, between the contractor, Samuel J. Hale, and Joseph C. Paul, as trustee, for the creditors of Samuel J. Hale. The special provisions of the agreement, which complainant claims were made for his benefit, are:

First. An assignment of all the mentioned contracts to the trustee, who is to pro rate and pay the profits accruing under such contracts, to each of the signing creditors.

Second. That the creditors will not sue, levy or attach any of the personal property of Samuel J. Hale or begin any action at law or in equity against him.

Third. And by the thirteenth clause of the agreement, it is provided, the creditors will give release to all claims, which they may have and which may be required for the purpose of releasing any lien of the New Jersey Mechanics' Lien law. The bill of complaint also alleges that the complainant has no defense to the action at law, and can find relief only in the court of chancery. An examination of the agreement annexed to the bill of complaint shows that the complainant is not a party to the agreement.

On notice and motion to strike out the bill of complaint after hearing, an order was advised refusing to strike out the bill of complaint. From that order, this appeal was taken.

There is no allegation in the bill of complaint and nothing to show that the complainant ever accepted the agreement, or that the trustee has ever carried out its provisions, or that the complainant tendered himself ready to accept its terms.

There is no allegation that the complainant ever paid what was due, if anything, to the trustee. The agreement was between the contractor, a trustee and his creditors. The complainant was not a party to it.

The bill of complaint on its face does not show a cause of action, and for this reason alone the motion to strike out the bill should have been granted.

But, even so, it is quite difficult to see how the complainant can succeed. He claims the benefit of the act '(*P. L. 1898 p. 481; P. L. 1903 p. 541 § 28*), which provides that it shall be lawful for any person for whose benefit any contract may have been made to maintain an action upon the contract in his own name, at law or in equity, notwithstanding the consideration of such contract did not move from such person. The construction of that statute is not an open question in this court. Its meaning has been firmly settled. Also, its proper application indicated in several cases.

In the case of *American Malleables Co. v. Town of Bloomfield, 83 N. J. Law 736,* the rule is clearly and succinctly stated thus. In *Styles* v. *Long Co., 70 N. J. Law 301; affirming 67 N. J. Law 413,* the court held, that one not a party to a contract has no status to sue upon it if he be a person with whom the contracting parties never meant to come into contractual relations, and that a possible benefit to such party by the performance of a contract is not enough to give him the right to maintain an action upon it. To have that effect, it must appear that the contract was made for his benefit. So, *Lawrence* v. *Union Ins. Co., 80 N. J. Law 135, 136; 13 Corp. Jur. 709; 6 R. C. L. 882 § 271.*

From these cases it seems quite clear that the rule is well settled that before one not privy to a contract can maintain an action upon it, it must appear that the contract was made for his benefit and so intended. There is nothing in the agreement that indicates or even suggests that it was made for the benefit of the complainant. A benefit accruing to him is not enough.

The order of the court of chancery is reversed. The case is remanded to that court to enter an order in accordance with this opinion.

WHITE, J. (concurring). My vote for reversal is based upon the first of the two reasons advanced in the opinion of Mr. Justice Black, namely, because "there is no allegation in the bill of complaint and nothing to show that the complainant ever accepted the agreement, or that the trustee has

ever carried out its provisions, or that the complainant tendered himself ready to accept its terms."

I dissent from the second view advanced by that opinion as I understand it. I think that if this owner-complainant had become a party to the scheme provided for in the agreement, by paying his installments of contract money for the erection of his house as they matured to the trustee for the purposes contemplated by the agreement, he would have been in a position to invoke the protection of the agreement against a materialman, who, in violation of his contract as contained in the agreement, proceeded to file a mechanics' lien against complainant's property.

*For affirmance*—MINTURN, HETFIELD, JJ. 2.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, JJ. 13.