WILLIAM SAXON ET AL., APPELLANTS, v. UNITED STATES
FIDELITY AND GUARANTY COMPANY, A CORPORA-
TION OF MARYLAND, RESPONDENT.

Submitted May 31, 1930—Decided February 2, 1931.

For the appellants, *Louis C. Friedman* (*Jacob L. Bern-stein,* of counsel.)

For the respondent, *McDermott, Enright & Carpenter* (*Carl S. Kuebler,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   On the trial of this case the judge directed a verdict in favor of the defendant and from the judgment entered thereon the plaintiffs appeal.

It appears that the plaintiffs had previously instituted a suit in the Passaic County Circuit Court against Louis Steinberg to recover for personal injuries sustained in an automobile accident, which they averred were due to the negligence of Steinberg. He did not appear to defend that suit and neither did the United States Fidelity and Guaranty Company which covered him for automobile liability insurance. A default judgment was entered and damages assessed. Such judgment was not paid. The plaintiffs in the Circuit Court action thereupon instituted this suit against the United States Fidelity and Guaranty Company to recover the amount of the judgment entered in their favor in the Circuit Court.

We think that the trial court properly directed a verdict in favor of the defendant-respondent.

The cases upon which the plaintiffs-appellants rely, namely, *Gillard* v. *Manufacturer's Insurance Co.,* 93 *N. J. L.* 215; *Connell* v. *Commonwealth Casualty Co.,* 96 *Id.* 510; *Boyle* v. *Manufacturer's Liability Insurance Co., Ibid.* 380; *affirmed,* 97 *Id.* 561, and *Bess* v. *Commonwealth Casualty Co.,* 101 *Id.* 380, are jitney bus cases arising under chapter 136 of the laws of 1916, and are not controlling in the case at bar.

The policy in the present case insured Steinberg against liability for loss or expense arising from claims upon him in consequence of accident, by reason of the ownership or use of the automobile described therein, resulting in injury to persons, as specified by its terms.

As required by chapter 153 of the laws of 1924, the policy in the instant case contained a provision as follows:

"The insolvency or bankruptcy of the assured hereunder shall not release the company from the payment of damages for injuries sustained or loss occasioned during the life of this policy, and in case execution against the assured is returned unsatisfied because of such insolvency or bankruptcy in an action brought by the injured person or his or her personal representative in case death results from the accident, then an action may be maintained by the injured person or his or her personal representative against the company under

the terms of the policy for the amount of the judgment in the said action, not exceeding the amount of the policy."

It is clear that the rights of the plaintiffs, if any, in the present suit arise under chapter 153 of the laws of 1924 and the foregoing provision of the policy.

The plaintiffs contended that liability of the defendant company was established by the proofs, and their counsel moved for a direction of a verdict in the plaintiffs' favor. At the same time counsel for the defendant company moved for a direction of a verdict in its favor.

The trial judge said that the plaintiffs had not made out a case that entitled them to go to the jury, and accordingly directed a verdict for the defendant company.

That was right. The record discloses that there was no evidence—not even the slightest—that the assured was insolvent or a bankrupt, or that an execution was returned unsatisfied because of the insolvency or bankruptcy of the assured. Indeed there was no evidence that any execution was ever issued.

The plaintiffs also contend that "the trial judge committed error in failing to nonsuit the plaintiffs."

Not so. Where, as here, the plaintiffs had legal capacity to sue, and did sue, but failed to produce at the trial any evidence from which the defendant's liability could be inferred, a direction of a verdict for the defendant upon the latter's motion will not be reversed upon the plaintiffs' contention on appeal that there should have been a nonsuit, when the record discloses that there was no motion or request for a voluntary nonsuit.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.