ROSIE PAVIGNANO, AS ADMINISTRATRIX AD PROSE-
QUENDUM OF THE ESTATE OF NATALE PAVIGNANO,
DECEASED, PLAINTIFF, v. ATLANTIC CASUALTY IN-
SURANCE COMPANY, A CORPORATION, DEFENDANT.

Decided April 20, 1936.

For the plaintiff, *William Perlis.*

For the defendant, *Green & Green.*

BROWN, S. C. C. On April 11th, 1935, the plaintiff recov-
ered a judgment against Frank Sorgento, Incorporated, as
owner of an automobile and Joseph Sorgento, its operator,
for death resulting from injuries to Natale Pavignano.
The judgment was not paid by the owner or operator and
this suit was brought against the defendant as their insurance
carrier. The defendant moves to strike the complaint on
the grounds that the plaintiff is without authority in law
to bring this suit; that the complaint does not set forth a
cause of action and is sham or frivolous. The defendant
contends the Death act, as amended (*Pamph. L.* 1917, *ch.*
180, *p.* 531; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 928,
§ 55-10), limits the duties of the plaintiff to bringing the
original suit for damages for the death and prosecuting the
same to final judgment and that he is without authority to
bring suit against the defendant. The plaintiff contends
he has authority under the Death act to bring this suit and
has control of all litigation up to the time of payment of the
judgment. While the Death act does not permit payment in

settlement or in satisfaction of any judgment recovered under the act to be made to the administrator *ad prosequendum* it does empower such administrator to bring suit for damages on account of death resulting from injuries and a suit against the insurance carrier of the defendant in the original suit is an action in furtherance of that suit. *Devlin* v. *Herr,* 98 *N. J. L.* 324. Giving attention to the objection that the complaint does not set forth a cause of action, a reading of the complaint shows an allegation that at the time the injuries were sustained that resulted in death the defendant insured the owner of the automobile and its operator against claims for damages by persons sustaining personal injuries caused by or resulting from the ownership and use of the automobile and that attached to said policy was an endorsement amending the policy to conform to chapter 116 of *Pamph. L.* 1929, *p.* 195. *Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1056, § 135-119, 1. The plaintiff urges that those allegations in the complaint charge a contractual as well as statutory liability. Usually when an insurance company insures an automobile owner against a claim for damages by a third party the party injured has no privity of contract with the insurance company. One not a party to a contract has no status to sue upon it if he be a person with whom the contracting parties never meant to come into contractual relations and that a possible benefit to such party by the performance of a contract is not enough to give him the right to maintain an action. It must appear that the contract was made for his benefit. *Knapp* v. *Heidritter Lumber Co.,* 99 *N. J. Eq.* 381; 131 *Atl. Rep.* 909; *Suydam* v. *Public Indemnity Co.,* 10 *N. J. Mis. R.* 868; 161 *Atl. Rep.* 499. A right of action may be created by statute as appears in chapter 153, *Pamph. L.* 1924; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 1589, § 99-90e. *Saxon* v. *U. S. F. & G. Co.,* 107 *N. J. L.* 266; 153 *Atl. Rep.* 596. The plaintiff cannot effectively invoke the benefits of the statutes mentioned in the endorsement amending the policy unless the insured is one of the class mentioned in the statute. *Brodsky* v. *Motorists Casualty Insurance Co.,* 112 *N. J. L.* 211; 170 *Atl. Rep.* 243; *affirmed,* 114 *N. J. L.* 154; 176 *Atl. Rep.* 143. The plain-

tiff has wholly failed, in his complaint, to charge that Frank Sorgento, Incorporated, the insured, was within the statutory class where liability would attach to its insurance carrier. He has also failed to allege in his complaint the issuance and return of an execution unsatisfied in the original suit which are conditions contained in chapter 153 of *Pamph. L.* 1924. *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 1589, § 99-90e. When a statute gives a remedy under particular circumstances the party seeking such remedy should in his pleading allege all the facts necessary to bring him within the statute. *Lapsley, Administratrix,* v. *Public Service Corp.,* 75 *N. J. L.* 266; 68 *Atl. Rep.* 1113. The motion to strike the complaint is granted with leave to the plaintiff to file an amended complaint.