## CENTURY TRANSIT CO. v. KASPRZAK.

### No. 6575.

Circuit Court of Appeals, Third Circuit.

Nov. 26, 1937.

D. T. Stackhouse, of Camden, N. J., for appellant.

Samuel P. Orlando, and Louis B. LeDuc, both of Camden, N. J., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case it appears that Stanislaw Kasprzak was first appointed administrator ad prosequendum of Joseph Kasprzak and later appointed bonded administrator. In the former capacity he brought suit in a state court against the Century Transit Company to recover damages sustained by his decedent by reason of the alleged negligence of the Transit Company. He recovered a judgment for $9,000. Later it was adjudged bankrupt in the court below, whereupon the administrator ad prosequendum presented a claim for allowance of the judgment as a preferred claim. The court below denied the allowance as a preferred claim, but allowed it as a common claim, stating that the judgment "is hereby allowed as a common claim against the said debtor's estate, though disallowed as a secured or prior claim, and that the filing by the administrator ad pros. is approved." Whereupon the trustee in bankruptcy took this appeal, and the question involved, as stated by him pursuant to our rule, is: "Where a judgment is recovered against a corporation under the New Jersey 'Death Act' [2 Comp. St.N.J.1910, pp. 1907, 1911, §§ 7, 9, and Comp.St.Supp.N.J.1924, §§ 55—8, 55—10] by an administrator ad prosequendum of a decedent, appointed pursuant to such act, and the defendant in such judgment files a petition under section 77B of the Bankruptcy Act [as amended, 11 U.S.C.A. § 207 and note] may such administrator ad prosequendum file a claim in that capacity with the trustee of the defendant debtor and have such filing approved and the claim allowed by the Court?"

The New Jersey Death Act, Comp.St. Supp.N.J.1924, § 55—10, provides: "Every action, proceeding or claim brought, insti-tuted or made under and by virtue of the remedy given by the act to which this is a supplement shall be brought, instituted or made in the name of an administrator ad prosequendum of the decedent whose death gives rise to the claim under the act to which this act is a supplement."

The question before the court was the right of the administrator ad prosequendum to present the claim and not whether he was to receive the money awarded. Clearly, the court committed no error. Its construction of the act was right and it had support in the reasoning of New Jersey court decisions. Devlin v. Herr, 98 N.J.L. 324, 119 A. 871; Pavignamo v. Atlantic Casualty Co., 184 A. 614, 14 N.J.Misc. 280. So regarding, the decree of the court below is affirmed.