LILLIAN HORN, RESPONDENT, v. COMMONWEALTH CASU-
ALTY COMPANY, A CORPORATION OF THE STATE OF
PENNSYLVANIA, APPELLANT.

Submitted February 15, 1929—Decided October 14, 1929.

For the appellant, *Schneider & Schneider.*

For the respondent, *Aaron L. Simon.*

The opinion of the court was delivered by

BODINE, J.   The trial judge directed a verdict in favor
of the plaintiff for $4,746.65, and refused to direct a ver-
dict in favor of the defendant.   His action in these par-
ticulars is brought before us by proper assignments of error.

It appears that on September 8th, 1924, the plaintiff sued
in tort Alexander Szumski and the Eagle Provision Com-
pany.   The action grew out of the negligent operation of an
automobile and was defended at the instance of the present
defendant, the Commonwealth Casualty Company, by its
attorney.   After final judgment an execution issued against
Alexander Szumski and Eagle Provision Company was re-
turned unsatisfied by the sheriff of Passaic county.

The rights of the plaintiff in the present suit arise under
chapter 153 of the laws of 1924, and the following provision
of the policy:  "The bankruptcy or insolvency of the named
assured shall not relieve the company from the payment of

such indemnity hereunder as would have been payable but for such bankruptcy or insolvency. If because of such bankruptcy or insolvency an execution on a judgment for damages against the named assured is returned unsatisfied in an action brought by the insured, or his or her personal representative where death results from the accident, an action may be maintained by the injured person, or his or her personal representative, against the company, subject to the terms of this policy, for the amount of such judgment not exceeding the amount of this policy."

The plaintiff has requested the Commonwealth Casualty Company to pay the judgment and it has refused so to do, stating that it carried no insurance for Alexander Szumski or Eagle Provision Company at the time of the accident. It does admit, however, that the automobile involved in the accident was insured by it in the name and under the ownership of Sophie Putkowski. The policy contains this provision: "It is agreed that the word assured wherever used in the policy to which this endorsement is attached shall be considered to include in addition to the assured's name in said policy, any person or persons while riding in or operating the assured's automobile with the permission of an adult member of the said assured's household who is not a chauffeur or a domestic servant."

It is to be noted that under the terms of the policy the word "assured" means any one using the car described in the policy with the permission of the named assured, or any adult member of her household other than an employe.

The defendant, by its policy, covered the car which injured the plaintiff. It defended the suit growing out of the accident over a period of years. It is now too late for it to say that there is no proof of the permission by the named assured, or some member of her household, for the operator of the car on the day of the accident to use the same. The defendant company by its very act has solemnly and in a court of law admitted the point. Its conduct is proof of the fact and the trial court could not have found otherwise.

It is next urged that the return of the execution unsatisfied is not proof of insolvency within the meaning of the policy. Insolvency, apart from its specific definition in the Bankruptcy act, means a general inability to answer pecuniary engagements. *National Bank* v. *Sprague,* 21 *N. J. Eq.* 458. As used in the policy it has this meaning. The phraseology of the policy is bankruptcy or insolvency. Insolvency, therefore, must be taken in its general sense. It is hard to conceive a more cogent proof of inability to answer pecuniary engagements than the return of an execution unsatisfied.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.