## CHURCH v. AMERICAN CASUALTY CO.
### No. 4871.

Circuit Court of Appeals, Third Circuit.
March 10, 1933.

Coult, Satz & Tomlinson, of Newark, N. J. (John J. Francis and Joseph Coult, both of Newark, N. J., of counsel), for appellant.

Kessler & Kessler, of Newark, N. J. (Samuel I. Kessler, of Newark, N. J., of counsel), for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a final judgment of the District Court for the District of New Jersey entered on a verdict for the plaintiff below. The American Casualty Company had issued its accident liability policy to one Joseph Rothenberg, which expressly excluded liability for any injury sustained by an employee of the assured. The plaintiff, William Church, brought suit in a state court of New Jersey against Rothenberg to recover damages for personal injuries sustained while a passenger in an automobile owned and operated by Rothenberg. The American Casualty Company, in accordance with the terms of the policy, defended Rothenberg at the trial. It conducted the defense upon the theory that Church was in the employ of Rothenberg at the time of the accident and that the accident occurred in the course of the employment. It is conceded by all parties that, as between Church and Rothenberg, if Church were in fact an employee of Rothenberg, he would be limited to the remedies prescribed by the Workmen's Compensation Act of New Jersey (Comp. St. Supp. § ** 236—1 et seq.), and could not recover in the court in which he had instituted suit. At the trial, both Church and Rothenberg denied that the relationship of employer and employee existed between them. The trial court presented this issue of fact, among others, for determination by the jury. The jury returned a verdict for Church. Following the entry of judgment, Church caused execution to be issued against Rothenberg. The writ was returned unsatisfied. The American Casualty Company disavowed liability under the policy, and Church thereupon brought suit against it in a state court to recover the amount of his judgment against Rothenberg with costs. The cause was removed to the United States District Court. The American Casualty Company, the appellant herein, raised two separate defenses: First, that at the time of the accident Church was an employee of Rothenberg, and that the accident arose out of and during the course of that employment and was therefore not covered by the policy; and, second, that Rothenberg failed to render such reasonable and necessary co-operation and assistance to the appellant as would enable it adequately to defend Church's action against Rothenberg.

Prior to trial and in conformity with the New Jersey practice, the court granted the plaintiff's motion to strike the first defense on the ground that the matter had been concluded by the judgment of the state court and was res judicata. The court below restricted the issues at the trial to those raised by the second defense. The court refused the appellant's motion for a nonsuit, and, at the conclusion of the trial, directed a verdict for the plaintiff and entered judgment thereon.

The appellant's motion for a nonsuit was based upon the ground that the plaintiff had failed to prove a prerequisite to recovery within the provisions of the policy, namely the insolvency of the assured. The policy, in conformity with the 1924 Laws of New Jersey, c. 153, p. 352 (Comp. St. Supp. N. J. § 99—90e) contained the following clause:

"Insolvency or Bankruptcy of the Assured hereunder shall not release the Company from the payment of damages for injuries sustained or loss occasioned during the term of this Policy, and in case execution

against the Assured is returned unsatisfied because of such insolvency or bankruptcy, in an action brought by the injured, or his or her personal representative in case death results from the accident, then an action may be maintained by the injured person, or his or her personal representative, against the Company under the terms of the Policy for the amount of the judgment in the said action, not exceeding the limit of the Company's liability as specified herein."

The appellee relies, for proof of insolvency, upon evidence that the writ of execution issued against Rothenberg had been returned unsatisfied. The New Jersey Court of Errors and Appeals has ruled on the effect to be given to such evidence. In Horn v. Commonwealth Casualty Company, 105 N. J. Law, 616, 618, 147 A. 483, it said:

"It is next urged that the return of the execution unsatisfied is not proof of insolvency, within the meaning of the policy. Insolvency, apart from its specific definition in the Bankruptcy Act (11 USCA § 1), means a general inability to answer pecuniary engagements. National Bank v. Sprague, 21 N. J. Eq. 458, 530, 538. As used in the policy, it has this meaning. The phraseology of the polity is 'bankruptcy or insolvency.' Insolvency, therefore, must be taken in its general sense. It is hard to conceive a more cogent proof of inability to answer pecuniary engagements than the return of an execution unsatisfied."

[1] Since the appellant in the instant case introduced no evidence to overcome the presumption of insolvency which arose by virtue of the return of the writ of execution unsatisfied, the appellee met the required burden of proof. The trial court did not err in refusing to grant the motion for a nonsuit.

■ The appellant next assigns the action of the trial court in directing a verdict for the plaintiff as error, in that the issue of failure of Rothenberg to co-operate in the defense should have been submitted to the jury. Considerable confusion appears in the record due to the repeated efforts of the appellant to introduce in evidence testimony that Rothenberg was the appellee's employer, despite the fact that that issue was res judicata through the verdict of the jury and judgment thereon in the state court, and despite the fact that the District Court, prior to trial, gave effect to this verdict by striking the appellant's first separate defense. If the testimony on this issue is ignored, the record is barren of evidence that Rothenberg failed to co-operate in the defense of the suit against

him. There is nothing to show that Rothenberg's testimony concerning the plaintiff's employment was untrue. It is surely no part of the duty of an assured to his insurance carrier to testify falsely. On the record presented, we think that the District Court was justified in directing a verdict for the plaintiff.

The judgment is affirmed.