ADAM JUSIAK, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF BOLESLAW JUSIAK, DECEASED, AND ANTHONY JUSIAK, BY HIS FATHER AND NEXT FRIEND, ADAM JUSIAK, PLAINTIFFS, v. COMMERCIAL CASAULTY INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided October 20, 1933.

Before ELDREDGE, Circuit Court judge.

For the plaintiffs, *Orlando & Kisselman.*

For the defendant, *T. Harry Rowland.*

ELDREDGE, C. C. J.   The complaint in the instant suit alleges that prior to February 23d, 1932, defendant had issued its policy of insurance to William W. Clark, indemnifying him against loss and liability by reason of any claim or judgment against him growing out of the operation of an automobile; that thereafter the plaintiff Adam Jusiak, administrator of the estate of Boleslaw Jusiak, deceased, in an action in the Camden County Circuit Court, obtained judgment against the said Clark for $5,000 and costs amounting to $107.10; that on the 19th day of July, 1933, execution was issued by the clerk of Camden county and placed in the hands of the sheriff, and that on the 26th day of July, 1933, the execution was returned unsatisfied.

The defendant, in addition to its answer, sets up ten separate defenses, all of which, in the judgment of the court, must be stricken.

Without attempting to set out the defenses in full, this court is of the opinion that all the questions raised in the answer are fully met by:

(1) *Horn* v. *Comonwealth Casualty Co.,* 105 *N. J. L.* 616; 147 *Atl. Rep.* 483, which among other things holds that "insolvency, apart from its specific definition in the Bankruptcy act (11 *U. S. C. A.,* § 1), means a general inability to answer pecuniary engagements  *  *  *  as used in the policy, it has this meaning  *  *  *  it is hard to conceive a more cogent proof of inability to answer pecuniary engagements than the return of an execution unsatisfied."

(2) *Suydam* v. *Public Indemnity Co.,* 10 *N. J. Mis. R.* 868; 161 *Atl. Rep.* 499, which states that "there is no question but that under numerous decisions in this and other states the investigation by a liability company of a case between an injured person and the insured and taking charge of and conducting the defense for an insured, constitute a waiver of defenses under the policy which may be interposed by the insurer in a suit by the insured and estops the insurer from setting them up in such a suit."   And

(3) *Stefus* v. *London and Lancashire Indemnity Co.*, 111 *N. J. Law* 6; 166 *Atl. Rep.* 339, which case goes a step further than is necessary in the present suit. The court's attention has been called to a dissenting opinion in that case by Mr. Justice Lloyd, concurred in by Justices Donges and Heher and Judge Kays. That dissent, however, was based upon an element entirely lacking in the instant suit. In the Stefus case the policy covered damages arising from ordinary negligence, while the verdict, under the instruction of the court, was based upon willful and wanton negligence against which the indemnity company did not insure. Hence the dissenting opinion that liability of the assured having been based upon conduct not covered by the policy, the indemnity company should be permitted to defend. The court held, however, that the complaint having charged the injury was the result of ordinary negligence, which was covered by the policy, it would not go back of the pleadings and inquire into the proof and that the striking of the answer should be affirmed.

In the instant case the verdict against Clark was based upon the lack of ordinary care exercised by his agent. The policy covered this character of liability and hence we take it that the dissenting justices in the Stefus case would have concurred had the proof in that case been identical with the proof in the present case.

The answer and separate defenses will be stricken.