GEORGE BRODSKY, RESPONDENT, v. MOTORISTS CASU-
ALTY INSURANCE COMPANY, APPELLANT.

Submitted October 13, 1933—Decided January 26, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *David Green.*

For the respondent, *Irving Siegler.*

The opinion of the court was delivered by

PARKER, J. The appeal is from a judgment entered by
the District Court, sitting without jury, in a suit against
appellant as insurer of one William Simoni, owner of an auto-
mobile, against claims for damages arising out of his opera-
tion of such automobile. The car in question seems to have
been of the coupe type, and used by Simoni in connection
with his personal affairs. There was a collision with plain-
tiff's car, driven by plaintiff's father, Moe Brodsky, doing
damage to plaintiff-respondent's car, on account of which
the plaintiff recovered a judgment against Simoni in the
Elizabeth District Court. Execution having been returned
unsatisfied, the present suit was begun against the insurer
of Simoni.

Several defenses were interposed and overruled by the court either at the trial or in the award of judgment, and for the most part they are invoked on this appeal. Without passing on all the points raised, we think that one suffices for a reversal, viz., breach by Simoni of the policy provisions relating to his conduct as regards the insurer in case of accident and claim therefor.

Provision C of the policy reads in part as follows:

"Whenever requested by the company the assured shall aid in effecting settlements, securing information and evidence, the attendance of witnesses and in prosecuting appeals. The assured shall at all times render to the company all co-operation within his power. Except as herein elsewhere provided for, the assured shall not voluntarily assume any liability, settle any claim or incur any expense, except at his own cost, or interfere in any negotiations for settlement or legal proceedings without the consent of the company previously given in writing."

The point now considered is not within any provision alluded to in the excepting clause above, and is within the general clause. It is, that Simoni had "voluntarily assumed liability" for the accident. This was made entirely clear, and apparently without contradiction, by the testimony of two witnesses, and the production and admission into evidence of an affidavit of Simoni, stating that he had signed, after reading it, and shortly after the accident, a paper reading as follows:

"William Simoni do admit colliding, damaging and injuring the occupants in automobile operated by Moe Brodsky on the highway to the Victory bridge named Scott avenue, namely an Oldsmobile coach and my car, a Chevrolet coupe. Accident occurring on July 11th, 1931. I admit liability in the above mentioned accident.

Signed William Simoni" (address, &c.).

That the execution of this paper was a breach of provision C, seems too plain for argument. That the "automobile operated by Moe Brodsky" was that of the respondent insured by the appellant, is not questioned. Hence, unless the insurer

was barred in some way from setting up this defense, it should have prevailed.

For the respondent it is urged that the insurer is barred by the act of 1929. *Pumph. L., p.* 195 (at *p.* 201), § 10-a. This section was amended by *Pamph. L.* 1931, *p.* 334 (at *p.* 343), but after the issuance of the policy under consideration, so we refer to the act of 1929. But we think it quite clear that that statute is restricted in its operation, to the various classes of persons mentioned in section 1, and from whom the commissioner of motor vehicles may require proof of financial responsibility, either individual, or alternatively by a deposit, or an insurance policy meeting the conditions specified in the statute. On this point we concur in the views expressed by Judge Brown, of the Circuit Court, in *McLaughlin* v. *Central Surety Corp.,* 11 *N. J. Mis. R.* 440; 166 *Atl. Rep.* 621. It is not intimated that Simoni was within any of those classes; and if not, the statute invoked does not avail the plaintiff.

The insurer defendant Simoni under a non-waiver agreement, but is not thereby estopped to assert its non-liability to Simoni, and derivatively as to the respondent plaintiff herein. *Suydam* v. *Public Indemnity Co.,* 10 *N. J. Mis. R.* 868; 161 *Atl. Rep.* 499.

The judgment under review will be reversed.