JOSEPHINE COOK, BY HER NEXT FRIEND, JOSEPH COOK, AND BY HER GENERAL GUARDIAN, BEATRICE HELEN COOK, AND JOSEPH COOK, INDIVIDUALLY, HARRIET LEE, BY HER NEXT FRIEND AND GENERAL GUARDIAN, THOMAS LEE, AND THOMAS LEE, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, DEFENDANT-APPELLANT.

Submitted October 26, 1934—Decided January 10, 1935.

For the plaintiffs-respondents, *Harold A. Price* and *Edward A. Markley*.

For the defendant-appellant, *Frank G. Turner*.

The opinion of the court was delivered by

CASE, J. The appeal brings up four judgments rendered in favor of the respective plaintiffs against the appellant, The Preferred Accident Insurance Company of New York, in an action on a policy of automobile liability insurance issued by the appellant to Mrs. Margaret E. Dunne. The suit was to recover on judgments theretofore obtained by the plaintiffs against Mrs. Dunne grounded in personal injuries suffered by the minor plaintiffs while passengers in an automobile driven by Edith Margaret Dunne, daughter of the named assured.

Appellant writes down in its brief the surprising number of fifty points. It is manifestly impractical to give independent discussion in an opinion to that multitude of headings; indeed counsel did not do so in his brief. We find no reversible error and discern only one question that seems to call for particular comment.

The driver of the automobile was a resident of this state, had no license and, admittedly, was aged sixteen years and

seven months at the time of the accident, whereas the New Jersey statute, section 10, as amended by chapter 171 (*Pamph. L.* 1931, *p.* 357), provides that no person shall drive an automobile unless licensed to do so and that no person under the age of seventeen years shall be so licensed, and the policy provided that "this policy shall exclude any obligation of the company while any disclosed automobile is being driven * * * by any person under the age fixed by law * * *." Appellant raised the question by motions to nonsuit and to direct a verdict, giving appropriate reasons and taking exceptions to the adverse rulings. But the plaintiffs set up in the complaint, argued at the trial and insist here that the defendant company had, by its course of conduct, estopped itself from denying liability.

The accident occurred July 13th, 1932. Taking as true all the testimony supporting the plaintiffs' contention, and giving plaintiffs the benefit of the legitimate inferences to be drawn therefrom in their favor, it was open to the jury to find that the appellant, on July 25th, 1932, referred the case for investigation to Arthur H. Walrond, a public adjuster and investigator who had served and was serving the appellant in many cases; that within a few days thereafter Walrond called upon Miss Dunne and was told by her the truth of the case, including the fact that she was born on December 18th, 1915, and that her age was sixteen years and seven months at the time of the accident; that Walrond informed the company of the result of his inquiries by reports that were in the possession of the appellant but were not produced at the trial; that Walrond was the exclusive investigator in the case and that he interviewed every person, so far as he knew, who had anything to do with the matter; that the company prepared the case for trial and, by its attorney, on or about March 15th, 1933, entered upon and conducted the trial from start to finish; that the trial attorney had been in the case and in touch with Walrond since the institution of the damage suit in December, 1932, and that the files had been put in his possession as such attorney for the appellant; that the trial lasted two full days; that on

the first day of the trial Miss Dunne testified that she was not yet seventeen years of age when the accident occurred; that not until the second day of the trial did appellant's attorney, during a recess and unknown to the Dunnes, go into the judge's chambers and there dictate a reservation into the record, and not until the trial was ended and the jury verdicts returned against Mrs. Dunne did he notify the latter that the appellant would not pay the judgments. That some of the testimony seems to us to be rather incredible is not in point. We are not the triers of the fact. The jury could determine, as an inference from the testimony, that the appellant company for approximately eight months before the trial had had knowledge that the driver of the car was under lawful age and that it took all of its subsequent steps in the face of that knowledge.

The trend of our decisions is to the effect that a liability insurance company, having knowledge of the violation of a policy requirement and nevertheless through a considerable period and by successive steps in the assumption of an obligation proceeding to recognize the policy and to protect its insured without reserving to itself the benefits of the policy violation, may, by its conduct, become estopped from later setting up the violation in bar of recovery. In *Horn* v. *Commonwealth Casualty Co.*, 105 *N. J. L.* 616, we held that the defendant insurance company could not, after defending a suit over a period of years, later set up the point that there was no proof of the required permission by the named assured or some member of her household for the operator of the car to use the same. In *Textileather Corp.* v. *Great American Indemnity Co.*, 108 *Id.* 121, we found no error in the holding below that the defendant insurance company was estopped from denying its liability because it had taken over the entire defense of the proceeding. The late Judge Dungan, in the Supreme Court issue of *Suydam* v. *Public Indemnity Co.*, 10 *N. J. Mis. R.* 868, stated his understanding of the law thus:

"There is no question but that, under numerous decisions in this and other states, the investigation by a liability com-

pany of a case between an injured person and the insured, and taking charge of and conducting the defense for an insured, constitute a waiver of defenses under the policy which may be interposed by the insurer in a suit by the insured, and estops the insurer from setting them up in such a suit; but, on the other hand, the cases are equally numerous that an insurer by investigating and defending a case against an insured under a reservation of its rights or under an expressed waiver of the insured, is not estopped to set up defenses under its policy in a suit by the insured who has paid a judgment against him in a case by a person injured."

This court, in adopting as its own a further opinion of Judge Dungan, in *Hull* v. *Travelers Insurance Co.*, 110 *N. J. L.* 57, gave approval to this language:

"Now, the next insistment is that, even though he had not co-operated, the defendant in this case waived this provision or is estopped from setting it up in this case because when its attorney received from Mr. Reilly this telegram it proceeded with the trial. I would have been inclined to agree with that insistment if the defendant had knowledge of all the facts which it afterward obtained * * *."

We consider that if the defendant knew, when it began its investigation shortly after the accident, that Miss Dunne was under the lawful age to operate an automobile, and nevertheless continued with the investigation and took charge of and conducted the preparation of the defense and likewise took charge of and conducted the trial, making no disclaimer of liability or reservation of its rights except by a dictation to the court stenographer at chambers late in the trial and without notice to or knowledge by its insured, it was estopped from setting up the fact of unlawful age as a defense in the suit. The defendant denied having that knowledge, and the question therefore became one of fact. That fact was put clearly before the jury for determination, and the jury were charged as to the legal effect of their factual decision: * * * if you find * * * that the company * * * knew of the alleged violation * * * and notwithstanding that information proceeded to defend Mrs. Dunne and failed to

disclaim * * * then it will not now be heard to set that up as a defense in the present suit * * *." Our view that a disputed question of fact was involved makes the ruling of the trial court denying the motions for nonsuit and direction of verdict entirely proper.

Judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, PERSKIE, KAYS, HETFIELD, DEAR, WELLS, JJ. 10.

*For reversal*—PARKER, LLOYD, HEHER, VAN BUSKIRK, JJ. 4.