ÆTNA LIFE INS. CO. OF HARTFORD,
CONN., v. HAWORTH et al.
No. 2670.

District Court, W. D. Missouri, W. D.
Aug. 22, 1935.

Morrison, Nugent, Wylder & Berger, of Kansas City, Mo., for plaintiff.

Turpin, Behrendt & Searing, of Kansas City, Mo., for defendants.

OTIS, District Judge.

On June 1, 1911, the Ætna Life Insurance Company, plaintiff here, issued its policy of life insurance in the principal amount of $10,000 to Edwin P. Haworth, one of the defendants. The policy contained a provision obligating the company, subject to certain conditions unnecessary to be stated, annually to pay the insured one-twentieth of the principal amount of the policy if he should become wholly and permanently disabled, and relieving the insured from payment of premiums after he had become so disabled. The insured did not pay the premium due June 1, 1934, and has not paid that premium, asserting that on and before that date he was wholly and permanently disabled and so relieved from the payment of that as well as of subsequent premiums.

The defendant Cora M. Haworth is the wife of the defendant Edwin P. Haworth and is the beneficiary in the policy.

The insurance company denies that the insured was wholly and permanently disabled as he asserts and therefore contends that the policy lapsed for failure to pay the premium due June 1, 1934, and that the maximum amount which will be due to the beneficiary on the death of the insured, under an extended term insurance provision of the policy, certain indebtedness for money borrowed on the policy having been canceled, will be $45.

Such are the essential allegations of plaintiff's petition. Based upon them, plaintiff prays a declaratory judgment adjudicating the right of the parties under the policy. Defendants have moved to dismiss the petition. Whether that motion shall be sustained is the question now for decision.

The plaintiff desires to have judicially determined now the question whether the insured was wholly and permanently disabled on June 1, 1934. If that question can be decided now and is decided adversely to the insured's contention, the liability of the plaintiff definitely and finally will be limited to the ultimate payment of $45. An alternative is that at the death of the insured (and that may be 20 years hence) the beneficiary will sue on the policy. If she then is able to prove that on and from June 1, 1934, the insured was wholly and permanently disabled, she will be entitled to judgment against the plaintiff for the full amount of the policy less indebtedness. The plaintiff fears that at the possibly remote date such a suit may be brought the witnesses and evidence now to be had no longer will be available.

In this situation plaintiff seeks to make use of the so-called Declaratory Judgment Act approved June 14, 1934 (Jud. Code §

274d, 28 USCA § 400). That act provides:

"(1) In cases of actual controversy the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

"(2) Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why further relief should not be granted forthwith.

"(3) When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not."

■ In support of the motion to dismiss, learned counsel for defendants maintain that the Declaratory Judgment Act is unconstitutional. His argument in this behalf is that under the Constitution (article 3, § 2) the judicial power of the national courts extends only to "cases" and "controversies." Congress cannot extend that power beyond the scope limited by the Constitution, and hence cannot extend it to what is neither a case nor controversy. Liberty Warehouse Co. v. Grannis, 273 U. S. 70, 74, 76, 47 S. Ct. 282, 71 L. Ed. 541; Willing v. Chicago Auditorium Association, 277 U. S. 274, 289, 290, 48 S. Ct. 507, 72 L. Ed. 880. This act, says counsel, would extend the judicial power beyond the limitation.

■ But the very language of the act destroys the argument. Undoubtedly it was drawn with the constitutional limitation and the cited decisions of the Supreme Court in mind. By its initial words the declaratory judgments provided for are limited to "cases of actual controversy." Neither the mere designation of them as "declaratory" judgments nor the fact that they embody a new method for the invocation of the judicial power invalidate them under the Constitution. Nashville, etc., Ry. v. Wallace, 288 U. S. 249, 264, 53 S. Ct. 345, 77 L. Ed. 730, 87 A. L. R. 1191.

■ The real question here is whether the case stated by the petition is within the legitimate scope of the Declaratory Judgment Act. Does it present a present controversy in the constitutional sense between the plaintiff and defendants—"an adversary proceeding, involving a real, not a hypothetical controversy," and is the judgment sought a judgment finally determinative of that controversy. Nashville, etc., Ry. Co. v. Wallace, supra. If an actual controversy in such a sense is presented, has the plaintiff, with respect to that controversy, any present "rights or other legal relations" to be declared?

It is my view that both these questions must be answered in the negative.

Let us suppose a simpler and yet similar situation. Let us suppose a policy of life insurance to X with Y as beneficiary. Payment of premiums has been discontinued. The company learns that Y asserts that X died before the policy lapsed. But Y has not brought suit. If, as the company contends, X still was living when the policy lapsed, the company never can be held to liability on the policy. Can the company seek a declaratory judgment that X was living when the policy lapsed and so establish judicially a fact that at some future time, when Y has sued, will defeat Y's recovery? If the company can seek such a declaratory judgment, then any person who has entered into a contract with another and who fears he may be sued by that other for breach of contract may proceed, as does the plaintiff here, in advance of the institution of that suit, to have determined an issue of fact which that suit will present. Certainly in the enactment of this statute the Congress contemplated no such radical departure in our jurisprudence from the old procedure.

The truth is that in the case supposed there is no present actual controversy between the company and Y, and that is a prerequisite to the availability of the remedy the new statute provides. There is now only a potential controversy, a possible future controversy, but no present actual controversy. How can there be a controversy relating to a breach of contract unless it is initiated by him who asserts the

1018

breach and claims damages therefor? A controversy, in the constitutional sense, certainly does not exist merely because one asserts, privately, out of court, that X was dead on a given date and another, in a petition for a declaratory judgment, denies that X was dead on a given date. Moreover, the truth is that in the case supposed the company has no present "rights or other legal relations" to be declared. The "rights" referred to in that phrase in the act are rights to some sort of "relief." Note the language following this phrase, "whether or not further relief is or could be prayed." To have predetermined, by a showing now, an issue of fact that will be involved in a case that may be brought hereafter by another may indeed relieve one from making the same showing when the case is tried, but it is no sort of relief from or against that other.

What has been said of the supposed case is applicable to the case presented.

Learned counsel for plaintiff has given an interpretation to the Declaratory Judgment Act far broader than that intended, and one which the language of the act will not support.

The motion to dismiss is sustained. The case is dismissed. It is so ordered.

An exception is allowed to plaintiff.