ANNA KINDERVATER ET AL., PLAINTIFFS-APPELLANTS, v. MOTORISTS CASUALTY INSURANCE COMPANY, DEFENDANT-RESPONDENT.

Submitted May 29, 1936—Decided October 2, 1936.

For the appellants, *Henry H. Eisenberg.*

For the respondents, *Harry Green* and *Nelson K. Mintz* (*Green & Green,* attorneys of record).

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment of nonsuit in an action to collect judgments against the respondent, insurer of one Simoni, rendered against the latter arising from a collision of his and other motor cars. The happening involved three cars—one owned and operated by Simoni; another owned by George Brodsky and then being operated by Moe Brodsky, and the third owned by one Doyle.

The appellants established their judgments; that they had not been paid by Simoni; that executions thereon were issued

and placed in the hands of the sheriff and on the same day that officer made return thereto as follows: "This writ is hereby returned unsatisfied by order of attorney of the plaintiff."

There was proof by and through Simoni that demand had been made upon him to pay the judgments which had not been complied with because "I had no money so I could not pay them." This was objected to but allowed and no exception to such ruling was taken. Again he testified he did not pay the judgments because "I did not have any money." This was objected to and the objection was sustained but the objection came after answer made and further there was the question: "Were you able to pay them?" Answer, "I was laid off," to which again there was an objection. sustained, but after answer given and then the witness volunteered, "I was unable to pay"—to which the trial court said. "no, there is no question before us."

The trial court appears to have nonsuited the appellants upon the ground that the sheriff's return to the writ of execution did not show insolvency or bankruptcy of Simoni.

The grounds of appeal, naturally, are directed at an alleged error in granting the motion to nonsuit and we find that they are well taken.

Much of the argument before us is devoted· to the insufficiency and impropriety of the return to the execution by the sheriff in that it was not based upon findings of that officer but rather upon the direction of the attorney for the judgment creditor and, therefore, it was not *prima facie* proof of insolvency, putting the insurance carrier to proof to the contrary as we held in *Horn* v. *Commonwealth Casualty Co.,* 105 *N. J. L.* 616; *Gee* v. *Independent, &c., Insurance Co.,* 109 *Id.* 563, 565. But we conclude that this precise question does not here call for an answer because we find that the contract of insurance extends to the plaintiffs-appellants a right of action against the respondent upon the former obtaining and holding unsatisfied final judgments against the assured.

The insurance contract provides: "The company is bound to the extent of its liability under this policy *to pay and*

*satisfy and protect the assured* against the levy of execution upon any final judgment that may be recovered upon any claim covered by this policy as in the policy set forth and limited *and an action may be maintained upon such judgment by the injured person or persons or such other party or parties in whom the right of action vests to enforce such liability of the company as in the policy set forth and limited.*"

This not only complies with but exceeds the requirements of *Pamph. L.* 1924, *p.* 352, and extends to the appellants a right of action against the respondent without the issuance of an execution and a return thereof unsatisfied because of the insolvency or bankruptcy of the insured.

But respondent urges that appellants' complaint does not rest upon this policy provision but solely upon the requirements of *Pamph. L.* 1924, *supra,* and therefore they cannot have the benefit of such contractual provision. It is true that paragraph 8 of the complaint does assert the right of recovery to be upon such statute, but the respondent in its first separate defense pleaded that the appellants did not come within the terms of the policy, were not entitled to sue thereon, that there was no liability under the policy or the statutes and that it was not bound to the appellants under the policy or otherwise.

The third separate defense avers that there is no privity of contract between the appellants and respondent and that the former have no right of action under the policy, the statutes or otherwise.

The fourth separate defense avers that the judgment of the appellants is not comprehended within the terms of the policy and that respondent is not liable to appellants under the terms of the policy.

To these separate defenses the appellants replied denying them and reserving to themselves the right at the trial of the cause to strike them as "sham or frivolous."

We cannot say that the pleadings did not present a cause of action founded both upon the statute, *supra,* and the terms and provisions of the contract of insurance.

It was, therefore, error to direct a nonsuit on this ground.

Further, respondents argue that even if this be so the provision in question contained in the policy goes no further than to recognize the requirements of the before-mentioned statute and gives no right of action against it by appellants other than they would have under such legislation.

This is a strained construction that we do not adopt.

Finally respondent urges that what appears to be tantamount to the proposition that the contract of insurance is void and unenforceable by any and all parties because of the finding of the Supreme Court in *Brodsky* v. *Motorists Casualty Insurance Co.,* 112 *N. J. L.* 211; affirmed by this court, 114 *Id.* 154. But this is not so.

The judgment under review will be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.