TRAVELERS INS. CO. et al. v. YOUNG et al.

District Court, D. New Jersey.
March 6, 1937.

accident arising out of the ownership, maintenance or use of the automobile described in the policy to liability limits of $10,000 and $20,000, under certain conditions, and property damage to a liability limit of $5,000. Under the terms of the policy the word "insured" included not only the named insured but also any person or organization legally responsible for the use of said automobile provided that the actual use was with the permission of the named insured.

On December 25, 1935, an accident occurred in which the automobile described in the policy was involved. It resulted in injuries to various of the defendants. The defendant Carl Wieland was driving the car at the time. The plaintiffs urge in the complaint that whether the said defendant, Carl Wieland, was driving the car with the permission of the defendant Margaret L. Johnston, was a matter of actual controversy; they being informed and claim that he was not, and the defendants with the exception of Margaret L. Johnston claiming that he was so driving the car in question.

The plaintiffs further allege that the injured defendants threatened to institute suit against the defendant Carl Wieland, alleging damages caused by his negligence and that if he was using the car at the time of the accident with the permission of the said Margaret L. Johnston plaintiffs are obliged, under the terms of the policy, to defend in his name and behalf any of the suits which may be instituted against him even though they be groundless. They also charge that, under the law of New Jersey, if insurers in such a situation defend on behalf of the insured, they cannot thereafter deny liability for a judgment obtained against the insured because by furnishing such a defense they waive the right to deny liability under the policy. Therefore, the plaintiffs ask for a declaratory judgment to the effect that they are not obliged under the policy to defend any actions brought by the other defendants against Wieland and that they are not obliged, under the policy, to pay any judgment or judgments which may be recovered against him.

On February 27, 1936, suit was instituted in the Mercer county circuit court by Clifford Young and Bessie Young; and by Audrey Young and Ronald Young, by Clifford Young, their next friend, against Margaret L. Johnston, trading as Mercer

Katzenbach, Gildea & Rudner, of Trenton, N. J., for plaintiffs.

William Abbotts, Jr., of Trenton, N. J., for defendants Clifford, Bessie, Audrey, and Ronald Young.

Kenneth J. Dawes, of Trenton, N. J., for defendants Madeline and Dewey Evans.

FORMAN, District Judge.

Plaintiffs instituted this action under the Federal Declaratory Judgment Act (Jud.Code § 274d, 28 U.S·C.A. § 400) for the purpose of procuring a determination of their rights under a certain policy of insurance issued by them in which Mercer Tuberculosis Sanitorium is the named insured. The defendant Margaret L. Johnston trades as the Mercer Tuberculosis Sanitorium. The policy was issued by the plaintiffs on July 30, 1935, in which they agreed to pay on behalf of the insured named therein all sums of money which the insured should become obligated to pay by reason of liability for damages for injury or death through

452

Tuberculosis Association, and Carl Wieland. A summons was served on each of the last-mentioned defendants on February 27, 1936. The suit at bar was instituted on February 29, 1936. The defendants Clifford Young, Bessie Young, Audrey Young, and Ronald Young now seek to strike out the complaint upon the grounds: (1) That no cause of action is shown in favor of the plaintiffs and against the defendants; (2) that this court has no jurisdiction to hear and determine the allegations of said complaint; and (3) that the allegations of the complaint do not exhibit a state of facts cognizable by this court under the provisions of the section of the Judicial Code (section 274d) of the United States referred to in the complaint.

The statute in question provides as follows:

"(1) In cases of actual controversy except with respect to Federal taxes the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

"(2) Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaration, to show cause why further relief should not be granted forthwith.

"(3) When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court whether a general verdict be required or not." 28 U.S.C.A. § 400.

The defendants contend that plaintiffs have failed to set up any state of facts showing a case of actual controversy over which the court otherwise would have jurisdiction. They contend that the complaint only shows that there is a "potential" or "hypothetical" controversy. It is so contended for the defendants because suit actually has been started only by the defendants named Young. The defendants named Evans have not sued as yet, but have only indicated a claim and the defendants say that liability to the plaintiffs will only result after such suits and claims result in verdicts in favor of the claimants, and if after execution it is found that the persons against whom such judgments are recovered are insolvent, then the claimants may demand of the insurance companies, who are the plaintiffs herein, the payment of the judgments and if upon failure to pay on such demand suit may be brought against the plaintiffs (insurance companies). They assert that no actual controversy would exist until this last step was evolved and that then the controversy could be cognizable in the state courts. The defendants say that the number of contingencies which must be precedent to the actual controversy between the claimants and the plaintiffs are such as to place the present question outside of the statute because of the remoteness of the actual controversy.

Additional ground for striking the complaint is offered on the basis of the defendants Madeline and Dewey Evans, who object to the jurisdiction of the court in that their claims do not exceed $3,000.

The plaintiffs are citizens and residents of the State of Connecticut, and the amount in controversy, according to the allegation in the complaint, exceeds the sum of $3,000. Unless demolished by the objections directed to jurisdiction under the statute involved, the jurisdictional features of residents and amount involved are sufficient. The plaintiffs ask to be relieved of possible liability to the limits of the policies which run in excess of $3,000. It is the value of this right which plaintiffs seek to protect in this proceeding and meets the test of jurisdiction.

A similar point was raised and decided in Commercial Casualty Company v. Humphrey (D.C.) 13 F.Supp. 174, at page 178: "Pierce and Humphrey say that the amount, if any, that Pierce will claim against Humphrey and plaintiff as his damages for his injury has not been fixed or even stated, and that when fixed or stated may or may not be in excess of $3,000, and that, therefore, this court is without jurisdiction. Plaintiff's suit is to declare the rights and other legal relations of the parties to the suit under the policy. Under the policy, plaintiff may be liable for as much as $10,000 for injuries

or death to one person, $20,000 for death or injury to more than one person in the same accident, and $5,000 for damages to property. The test of jurisdiction is not what Pierce may claim against Humphrey and plaintiff, but the maximum amount for which plaintiff may be liable under the policy."

Considering now the wider issue, namely, whether or not the requirements of the statute in question are sufficiently met in this suit as to give the court jurisdiction, or, in other words, have the plaintiffs alleged facts which constitute a "case of actual controversy" or a "controversy of a justiciable nature"?

██ In the suits instituted by some of the defendants they assert that Carl Wieland was driving the automobile covered by the policy with the permission of the defendant Margaret L. Johnston. According to the policy, Wieland is covered by the word "insured" if he had permission. The plaintiffs desire to have that fact decided immediately in order to know whether they must defend Wieland in suits commenced or to be commenced in view of their obligation to defend any suit against the "insured." An adjudication by the court of this question will place the plaintiffs in position to know whether they should or should not so defend. It is of the utmost importance to them to have this question resolved at once because, as heretofore suggested, under the New Jersey law an insurer who defends the driver of a car cannot thereafter deny liability on the ground that the driver of the car was using it without the permission of the named insured. Horn v. Commonwealth Casualty Co., 105 N.J.Law, 616, 147 A. 483; Jusiak v. Commercial Casualty Ins. Co., 169 A. 551, 11 N.J.Misc. 869; Cook v. Preferred Accident Ins. Co. of New York, 114 N.J.Law, 141, 176 A. 178.

The defendants stress the case of Aetna Life Insurance Company of Hartford, Connecticut, v. Edwin P. Haworth et al. (D.C.) 11 F.Supp. 1016. In that case in 1930 and in years thereafter the plaintiff had issued life insurance policies to the defendant Edwin P. Haworth in which the defendant Cora M. Haworth, his wife, was named as beneficiary· One policy contained a provision obligating the company to pay certain sums in case the insured was permanently and totally disabled and to relieve the insured from paying of premiums after he had become disabled. He did not pay his premiums after June 1, 1934, asserting that he was permanently disabled and relieved from such payments. The plaintiff sued under the act in question for the purpose of having it judicially determined whether the insured was wholly and permanently disabled. The United States District Court for the Western District of Missouri sustained a motion to dismiss the complaint. 11 F.Supp. 1016. The decree of dismissal was affirmed by the Circuit Court of Appeals, 84 F.(2d) 695. The United States Supreme Court granted certiorari November 16, 1936. 57 S.Ct. 190, 81 L.Ed. ——. On March 1, 1937 the latter court held that the complaint presented a controversy to which the judicial power extends and that authority to hear and determine it has been conferred upon the court by the Declaratory Judgment Act. It reversed the decree and remanded the cause for further proceedings· 57 S.Ct. 461, 463, 81 L.Ed. ——. Chief Justice Hughes speaking for the court in that case holds as follows:

"The Constitution * * * limits the exercise of the judicial power to 'cases' and 'controversies.' 'The term "controversies," if distinguishable at all from "cases," is so in that it is less comprehensive than the latter, and includes only suits of a civil nature.' Per Mr. Justice Field in Re Pacific Railway Commission (C.C.) 32 F. 241, 255, citing Chisholm v. Georgia, 2 Dall. 419, 431, 432, 1 L.Ed. 440. See Muskrat v. United States, 219 U. S. 346, 356, 357, 31 S.Ct. 250, 55 L.Ed. 246; Old Colony Trust Co. v. Commissioner, 279 U.S· 716, 723, 724, 49 S.Ct. 499, 501, 502, 73 L.Ed. 918. The Declaratory Judgment Act of 1934, in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense. The word 'actual' is one of emphasis rather than of definition.

"Thus the operation of the Declaratory Judgment Act is procedural only. In providing remedies and defining procedure in relation to cases and controversies in the constitutional sense the Congress is acting within its delegated power over the jurisdiction of the federal courts which the Congress is authorized to establish. Turner v. Bank of North America, 4 Dall. 8, 10, 1 L.Ed. 718; Stevenson v. Fain, 195 U.S. 165, 167, 25 S.Ct· 6, 49 L.Ed. 142; Kline v. Burke Construction Co., 260 U.S. 226, 234, 43 S.Ct. 79, 82, 67 L.Ed. 226,

24 A.L.R. 1077. Exercising this control of practice and procedure the Congress is not confined to traditional forms or traditional remedies. The judiciary clause of the Constitution 'did not crystallize into changeless form the procedure of 1789 as the only possible means for presenting a case or controversy otherwise cognizable by the federal courts.' Nashville, Chattanooga & St. Louis Ry. Co. v. Wallace, 288 U.S. 249, 264, 53 S.Ct. 345, 348, 77 L.Ed. 730, 87 A.L.R. 1191. In dealing with methods within its sphere of remedial action the Congress may create and improve as well as abolish or restrict. The Declaratory Judgment Act must be deemed to fall within this ambit of congressional power, so far as it authorizes relief which is consonant with the exercise of the judicial function in the determination of controversies to which under the Constitution the judicial power extends.

"A 'controversy' in this sense must be one that is appropriate for judicial determination. Osborn v. Bank of United States, 9 Wheat. 738, 819, 6 L.Ed. 204. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. United States v. Alaska S. S. Co., 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. South Spring Gold Co. v. Amador Gold Co., 145 U.S. 300, 301, 12 S.Ct. 921, 36 L.Ed. 712; Fairchild v. Hughes, 258 U.S. 126, 129, 42 S.Ct. 274, 275, 66 L.Ed. 499; Massachusetts v. Mellon, 262 U.S. 447, 487, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. See Muskrat v. United States, supra; Texas v. Interstate Commerce Commission, 258 U.S. 158, 162, 42 S.Ct. 261, 262, 66 L.Ed. 531; New Jersey v. Sargent, 269 U.S. 328, 339, 340, 46 S.Ct. 122, 125, 70 L.Ed. 289; Liberty Warehouse Co. v. Grannis, 273 U. S. 70, 47 S.Ct. 282, 71 L.Ed. 541; New York v. Illinois, 274 U.S. 488, 490, 47 S. Ct. 661, 71 L.Ed. 1164; Willing v. Chicago Auditorium Association, 277 U.S. 274, 289, 290, 48 S.Ct. 507, 509, 72 L.Ed. 880; Arizona v. California, 283 U.S. 423, 463, 464, 51 S.Ct. 522, 529, 75 L.Ed. 1154; Alabama v. Arizona, 291 U.S. 286, 291, 54 S.

Ct. 399, 401, 78 L.Ed. 798; United States v. West Virginia, 295 U.S. 463, 474, 475, 55 S.Ct. 789, 793, 79 L.Ed. 1546; Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 324, 56 S.Ct. 466, 472, 80 L.Ed. 688. Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages. Nashville, Chattanooga & St. Louis Ry. Co. v. Wallace, supra, 288 U.S. 249, at page 263, 53 S.Ct. 345, 348, 77 L.Ed. 730, 87 A.L.R. 1191; Tutun v. United States, 270 U.S. 568, 576, 577, 46 S.Ct. 425, 426, 70 L.Ed. 738; Fidelity National Bank & Trust Co. v. Swope, 274 U.S. 123, 132, 47 S.Ct. 511, 514, 71 L. Ed. 959; Old Colony Trust Company v. Commissioner, supra, 279 U.S. 716, at page 725, 49 S.Ct. 499, 502, 73 L.Ed. 918. And as it is not essential to the exercise of the judicial power that an injunction be sought, allegations that irreparable injury is threatened are not required. Nashville, Chattanooga & St. Louis R. Co. v. Wallace, supra, 288 U.S. 249, at page 264, 53 S. Ct. 345, 348, 77 L.Ed. 730, 87 A.L.R. 1191. * * *

"That the dispute turns upon questions of fact does not withdraw it as the respondent seems to contend, from judicial cognizance. The legal consequences flow from the facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences. That is everyday practice. Equally unavailing is respondent's contention that the dispute relates to the existence of a 'mutable fact' and a 'changeable condition—the state of the insured's health.' The insured asserted a total and permanent disability occurring prior to October, 1930, and continuing thereafter. Upon that ground he ceased to pay premiums. His condition at the time he stopped payment, whether he was then totally and permanently disabled so that the policies did not lapse, is not a 'mutable' but a definite fact. It is a controlling fact which can be finally determined and which fixes rights and obligations under the policies. If it were found that the insured was not totally and permanently disabled when he ceased to pay premiums and hence was in default, the effect of that default and the consequent right of the company to treat the

policies as lapsed could be definitely and finally adjudicated. If it were found that he was totally and permanently disabled as he claimed, the duty of the company to pay the promised disability benefits and to maintain the policies in force could likewise be adjudicated. There would be no difficulty in either event in passing a conclusive decree applicable to the facts found and to the obligations of the parties corresponding to those facts. If the insured made good his claim, the decree establishing his right to the disability benefits, and to the continuance of the policies in force during the period of the proved disability, would be none the less final and conclusive as to the matters thus determined even though a different situation might later arise in the event of his recovery from that disability and his failure after that recovery to comply with the requirements of the policies. Such a contention would present a distinct subject matter.

"If the insured had brought suit to recover the disability benefits currently payable under two of the policies there would have been no question that the controversy was of a justiciable nature, whether or not the amount involved would have permitted its determination in a federal court. Again, on repudiation by the insurer of liability in such a case and insistence by the insured that the repudiation was unjustified because of his disability, the insured would have 'such an interest in the preservation of the contracts that he might maintain a suit in equity to declare them still in being.' Burnet v. Wells, 289 U.S. 670, 680, 53 S.Ct. 761, 764, 77 L.Ed. 1439; Cohen v. New York Life Insurance Co., 50 N.Y. 610, 624, 10 Am.Rep. 522; Fidelity National Bank & Trust Co. v. Swope, supra. But the character of the controversy and of the issue to be determined is essentially the same whether it is presented by the insured or by the insurer. Whether the District Court may entertain such a suit by the insurer, when the controversy as here is between citizens of different States or otherwise is within the range of the federal judicial power, is for the Congress to determine. It is the nature of the controversy, not the method of its presentation or the particular party who presents it, that is determinative. See Gully v. Interstate Natural Gas Co. (C.C.A.) 82 F.(2d) 145, 149; Travelers Insurance Co. v. Helmer (D.C.) 15 F.Supp. 355, 356; New York Life Insurance Co. v. London (D.C.) 15

F.Supp. 586, 589." The United States Law Week., vol. 4, No. 27 (1st Ed.) March 2, 1937, p. 9 (Index 757).

This language of the Supreme Court seems to me to be dispositive of the issues of this case and settles once and for all the utility of the Federal Declaratory Judgment Act. The question of whether or not the driver defendant Carl Wieland was operating the automobile with the permission of the insured defendant, Margaret L. Johnston, is an actual controversy of a justiciable nature, and it will facilitate litigation and give proper protection to all interests involved to obtain a determination of this question as soon as the same can be obtained.

Therefore, the motion to strike out the complaint will be denied.