**QUEEN INSURANCE COMPANY OF AMERICA**

v.

**Herman BASHAM and Morris Pigue.**

**Civ. No. 1262.**

United States District Court
W. D. Tennessee, E. D.

Feb. 5, 1962.

Leo Bearman, Memphis, Tenn., for plaintiff.

Charles W. Miles III, Union City, Tenn., for defendant Herman Basham.

BROWN, District Judge.

In this suit, Queen Insurance Company of America brings an action for a declaratory judgment under Title 28 U.S. C.A. § 2201 et seq. and for injunctive relief, and alleges diversity and a sufficient amount in controversy.

In the complaint, plaintiff alleges that it issued a contract of liability insurance covering an airplane to one T. C. Stutts, in which the term "insured" is defined as including the named insured and any person while using or riding in the aircraft provided the actual use is with the permission of the named insured, and that, under the terms of the policy, coverage would be excluded as to one who violates or permits a violation of governmental regulations with respect to acrobatics, low flying, and flying in violation of a licensing certificate.

The complaint also alleges that the defendant Morris Pigue leased the insured airplane from the said Stutts, and, contrary to instructions from and without the knowledge of Stutts, and in violation of his student pilot's certificate, carried the defendant Herman Basham as a passenger; that while performing acrobatics at low levels, the defendant Pigue lost control of the airplane and crashed in a field, which crash resulted in injuries to defendant Basham.

The complaint in addition alleges that the defendant Basham has brought a suit for personal injuries in the Circuit Court of Lake County, Tennessee, against the named insured, Stutts, as well as the defendant Pigue.

In the prayer for relief, the complaint seeks a declaratory judgment construing the policy and holding that the defendant Pigue is excluded from coverage under the policy, and prays an injunction against the defendant Basham prohibiting him from proceeding in his personal injury suit until such time as the plaintiff's rights and obligations are herein determined.

The defendant Basham has filed a motion to dismiss. The first ground for the motion is that the amount in controversy does not exceed $10,000.00. As additional grounds, defendant Basham also asserts that this is not a proper case for exercising declaratory judgment jurisdiction, which jurisdiction is discretionary though subject to review, because the factual investigation necessary for the decision in this suit would be essentially the same investigation as that which would be made in the personal injury suit. See Maryland Cas. Co. v. Boyle Construction Co., 123 F.2d 558 (4th Cir. 1941); Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1941); Central Sur. & Ins. Corp. v. Hampton, 179 F.2d 261 (5th Cir. 1950); and 6 Moore's Federal Practice ¶ 57.08. Defendant Basham likewise contends that in no event would plaintiff, a liability insurance carrier, be entitled to an injunction prohibiting defendant Basham from prosecuting his personal injury suit against defendant Pigue. See Maryland Cas. Co. v. Consumers Finance Service, 101 F.2d 514 (3rd Cir. 1938); and Manufacturers Cas. Ins. Co. v. Coker, 219 F.2d 631 (4th Cir. 1955). But compare American Ins. Co. v. Lester, 214 F.2d 578 (4th Cir. 1954). For reasons hereinafter indicated, the Court holds that the jurisdictional amount is not present here and therefore it is unnecessary to decide whether the other grounds, which would raise serious questions, are valid ones.

The motion to dismiss, with respect to the defense based on an alleged lack of jurisdictional amount, is supported by exhibited certified copies of the summons and declaration and amendment thereto filed in the personal injury case. Moreover, the parties stipulated at the argument of the motion that the coverage of the policy, not alleged in the complaint, was $25,000.00. Therefore, by agreement of the parties, this motion was in effect treated as a motion for summary judgment.

It appears that when defendant Basham originally filed his personal injury suit in the state court, the ad damnum sued for was $10,000.00, but after this declaratory judgment suit was filed, the declaration in the state court was amended and the ad damnum was reduced to $9,999.99. However, in determining whether the jurisdictional amount is present for the purposes of this declaratory judgment suit, the inquiry has to do with the amount in good faith in controversy at the time this suit was filed, as this Court cannot be deprived of jurisdiction by any actions taken subsequent to the filing of this suit. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

Nevertheless, plaintiff concedes that the amount originally sued for in the personal injury suit, that is, $10,000.00, would not, in and of itself, establish the jurisdictional amount in this suit under 28 U.S.C.A. § 1332(a)(1), which requires that the matter in controversy exceed " * * * the sum or value of $10,000, exclusive of interest and costs * * *." It appears that plaintiff is correct in making this concession. Athan v. Hartford Fire Ins. Co., 73 F.2d 66 (2d Cir. 1934) and McKinzie v. Springfield City Water Co., 114 F.Supp. 649 (S.D.Mo.1953).

Plaintiff's contention is that the amount in controversy in a declaratory judgment suit such as this should be determined by the amount of coverage afforded by the policy. Plaintiff does not clearly indicate whether it is thereby making reference (1) to the amount of coverage applicable to the claim or claims of the party or parties who have been made defendants to the declaratory judgment suit or (2) to the amount of

coverage applicable to the claim or claims of all parties who may have received injury or damage in the particular accident, irrespective of whether they have all been made defendants in the declaratory judgment suit or (3) to the maximum amount of all coverage afforded by the policy under any circumstances. In its memorandum filed in resistance to the motion to dismiss, plaintiff refers to the " * * * value of the policy sought to be construed * * *" or " * * * the amount of the policy sought to be construed * * *" as determining the amount in controversy.

The Court assumes that the first possible contention is the one being relied upon by plaintiff as that would appear to be the basis for the most plausible argument for plaintiff. In other words, plaintiff contends, the Court assumes, that the jurisdictional amount is present here simply because its policy affords coverage of $25,000 with respect to the personal injury claim of the defendant Basham.

The general rule is that the jurisdictional amount is present if it can be said that such amount is apparently claimed in good faith to be in controversy, and the Court may look beyond the mere allegations in the complaint to determine whether the amount actually in controversy is sufficient. St. Paul Mercury Indemnity Co. v. Red Cab Co., supra.

The usual context in which this jurisdictional problem is presented is, of course, in a suit on a tort for personal injuries. Here, in plaintiff's suit for a declaratory judgment, its potential liability is in contract, but the Court sees no reason on principle why the general rule, just stated, should not still apply. This being true, the amount in controversy here is not the amount of the maximum coverage of the policy, or even the amount of the coverage applicable to the claims or potential claims of all parties irrespective of whether they are defendants in the declaratory judgment suit, or even the amount of the coverage applicable to the claims of the parties who are defendants in the declaratory judgment suit. Rather the amount in controversy here is the amount claimed by such persons who are made defendants in the declaratory judgment suit and whose rights may be affected thereby. This view is supported by Professor Moore (6 Moore's Federal Practice ¶ 57.23.), who states:

"The amount in controversy is determined as in other types of civil litigation requiring a jurisdictional amount. Where an insurer denies his obligation under a liability insurance policy on the theory either that the accident was not within the coverage of the policy or that such policy was void, the amount in controversy is measured *by the injured third party's bona fide claim against the insured,* unless this exceeds the maximum limit of the policy, in which event the amount in controversy is the maximum limit of the insurer's liability under the policy." [Emphasis added.]

The plaintiff relies upon four cases to support its argument that the jurisdictional amount is determined by the applicable policy limit: Carnes & Co. v. Employers' Liability Assur. Corp., 101 F.2d 739 (5th Cir. 1939); New Century Cas. Co. v. Chase, 39 F.Supp. 768 (S.D. W.Va.1941); Travelers Ins. Co. v. Young, 18 F.Supp. 450 (D.N.J.1937); and Thorkelson v. Aetna Life Ins. Co., 9 F.Supp. 570 (D.Minn.1934).

The holding in the New Century case, *supra,* is not contrary to the holding here because at the time the declaratory judgment action was begun no suits against the insured had been filed by injured third parties, and the defendant claimed only that the later bringing of a personal injury action against the insured for an amount less than the federal jurisdictional amount ousted the Court of jurisdiction in the declaratory judgment action.

In the Carnes case, supra, the insurance company brought an action for a declaratory judgment, disclaiming any

responsibility for payments under its policy with the insured. The insured's employees had allowed butane gas to escape from a truck, and when the gas was ignited a number of persons were killed and injured and much property damage was done. The total policy limit was $25,000. A number of claims were made against the insured, but the opinion does not state the total amount of these claims nor whether any of such claims were not in suit. Apparently the defendants in the declaratory judgment action, who were the parties having claims growing out of the accident, moved to dismiss for lack of jurisdiction on the ground that no one claim against the insured exceeded $3,000. Although there is no explicit statement, it seems certain that the total amount of the claims of the parties defendant exceeded the then jurisdictional amount of $3,000.

Thorkelson, supra, involved a declaratory judgment action, originally brought in state court, to have a life insurance policy reinstated and declared in full force and effect, wherein the defendant claimed that the policy had lapsed at the time of the commencement of the suit. After the action had been removed to federal court, the plaintiff sought to remand the case to the state court on the ground that the amount in controversy did not exceed the federal jurisdictional amount of $3,000. The face amount of the policy was $5,000. The Court held that the amount in controversy as to this life insurance policy is the face amount of the policy, and therefore it overruled plaintiff's motion to remand.

The plaintiff relies principally upon the case of Travelers Ins. Co. v. Young, supra. In this case the plaintiff insurance company brought an action to have its rights declared under a policy issued to one of the defendants. The policy was the usual automobile liability policy with coverage of $10,000 and $20,000 for personal injuries. The complaint for declaratory judgment alleged that there was no coverage, and consequently the plaintiff wished to have its obligation under the policy declared. Four of the injured defendants had sued in the state court prior to the filing of the declaratory judgment suit, and two of the injured defendants had not sued when the declaratory relief was sought by the insurance company. The four defendants who had sued moved to dismiss on grounds other than lack of the requisite jurisdictional amount so that apparently the amount was present as to them. The two injured defendants who had not yet brought suit moved to dismiss the complaint on the ground that their claims together did not exceed $3,000. The Court overruled this motion, saying 18 F.Supp. at 452:

" * * * [T]he amount in controversy, according to the allegations in the complaint, exceeds the sum of $3,000. Unless demolished by the objections directed to jurisdiction under the statutes involved, the jurisdictional features of residence and amount involved are sufficient. The plaintiffs asked to be relieved of possible liability to the limits of the policy which run in excess of $3,-000. It is the value of this right which plaintiffs seek to protect in this proceeding and meets the test of jurisdiction."

The holding in the foregoing case is not contrary to the holding here because (1) all claims of all defendants in the declaratory judgment suit in aggregate obviously exceeded the jurisdictional amount and (2) the claims of two of these defendants were not even in suit.

This Court has not been able to find a single adjudicated case which deals with the precise problem presented here, i. e., where the suit for a declaratory judgment as to coverage is brought against a defendant who has already sued for less than the jurisdictional amount in a state court.

Under the circumstances of this case, the Court does not believe that plaintiff can in good faith allege that the amount in controversy exceeds $10,000.00 exclusive of interest and costs. As stated, at the time this declaratory judgment suit

was filed, defendant herein had already filed his personal injury suit in the state court in which he sought to recover damages of only $10,000.00. At the hearing on the motion to dismiss in this case, plaintiff insurance company did not assert, orally or by affidavit, that defendant herein had ever claimed, even in negotiations, more than $10,000.00. To underline the fact that defendant herein is making a claim in the maximum amount of only $10,000.00, his attorney, at the hearing on the motion to dismiss, indicated a willingness, in the event this motion to dismiss is sustained, to insert a provision in the order to the effect that defendant releases any claim he may have against Stutts and Pigue in excess of $10,000.00.

It is the fact that defendant herein sued for as much as $10,000.00 in the state court that makes this jurisdictional question in this declaratory judgment suit appear difficult to decide, but, on analysis, the question would be not substantially different if defendant herein had sued in the state court for $1,000.00. In this connection, if this Court followed the reasoning of plaintiff's attorney, and overruled the motion to dismiss on the theory that the jurisdictional amount is determined by the amount of coverage applicable to the claim of the defendant, the decision of this Court would be authority for asserting federal jurisdiction in any declaratory judgment suit involving a liability insurance policy with applicable coverage over $10,000 no matter how small the claim actually being made.

The Court, in determining whether the requisite jurisdictional amount is present, should look to see whether the plaintiff can in good faith allege that the matter actually in controversy exceeds $10,000, exclusive of interest and costs. In doing so, the Court must look to all the surrounding circumstances. The amount claimed in negotiations or in a suit filed prior to the filing of the declaratory judgment suit as well as the applicable policy limit are relevant to the inquiry. On the entire record in this case, this Court cannot say that the plaintiff here has in good faith alleged that the amount in controversy exceeds $10,000 exclusive of interest and costs.

It is therefore the opinion of the Court that the motion to dismiss filed by defendant Basham should be granted and counsel will prepare and submit a proper order within five days.