CHARLES W. SMITH, PLAINTIFF, v. PHOENIX INDEMNITY COMPANY (A NEW YORK CORPORATION), DEFENDANT.

Decided October 2, 1937.

For the plaintiff, *Charles Schmidt* and *James A. Major.*

For the defendant, *Edwards, Smith & Dawson* (*Raymond Dawson* and *Allen C. Mathias*).

CAFFREY, S. C. C. This is an action by Charles W. Smith (hereinafter referred to as plaintiff) against the Phoenix Indemnity Company (hereinafter designated as defendant), based upon chapter 153 of the laws of 1924, which provides generally for the right of action against the insurance carrier.

The primary suit (hereinafter referred to as former suit) was instituted in the Bergen County Circuit Court, and in that action Charles W. Smith and Grace Lee Smith (his wife) sued Jean Storms. The automobile of Jean Storms was insured for public liability and property damage by the present defendant company. Grace Lee Smith was a passenger in her husband's automobile.

In the former suit the present plaintiff, Charles W. Smith, pleaded by way of count 1, an allegation with respect to the damage to his automobile and in count 2, a claim for personal injuries, medical expenses and damage to his clothing. Count 4 asks for damages for medical attention accorded to his wife, loss of consortium and damage to her clothing. Grace Lee Smith asked for damages for personal injuries.

The defendant Jean Storms joined issue on these allegations. The jury rendered a verdict in favor of Charles W. Smith and Grace Lee Smith against Jean Storms in the sum of $8,000 and $12,000, respectively, and on February 15th, 1934, judgment was entered accordingly. After entry of judgment, the defendant obtained a rule to show cause with respect to both amounts and assigned the following reasons for the setting aside of the verdict:

1. The verdict rendered by the jury was excessive.

2. The verdict rendered by the jury was contrary to weight of the evidence.

3. The verdict rendered by the jury was contrary to law.

4. The verdict rendered by the jury was contrary to the charge of the court.

This rule was discharged and no appeal taken.

The same counsel now appearing in the instant case, represented the plaintiffs and defendant, respectively, in the former suit.

On the 24th day of April, 1934, there was a satisfaction of Grace Lee Smith's judgment, in the sum of $10,000, a copy of which satisfaction reads as follows:

"To the clerk of the Bergen County Circuit Court:

Whereas, Grace Lee Smith, heretofore to wit, on the 15th day of February, 1934, obtained final judgment in the Bergen County Circuit Court against Jean Storms, for Twelve Thousand ($12,000.00) Dollars, and Seventy Two Dollars and ninety-four cents ($72.94) costs as by the record thereof may appear; and

Whereas, Grace Lee Smith has received in partial payment of said judgment the sum of Ten Thousand ($10,000.00) Dollars, and One Hundred Ninety-three ($193.00) Dollars costs and interest to April 18, 1934;

This is, therefore an acknowledgment of the receipt of said partial payment of the judgment aforesaid in the amount of Ten Thousand ($10,000.00) Dollars and One Hundred Ninety-three ($193.00) Dollars costs and interest.

The balance due on this judgment is Two Thousand ($2,000.00) Dollars, together with interest.

It is further acknowledged and understood that the acceptance of the partial payment aforesaid will in nowise affect or impair the judgment of record in favor of Charles Smith against Jean Storms, which judgment remains unsatisfied in the amount of Eight Thousand ($8,000.00) Dollars, together with interest.

In witness whereof, Grace Lee Smith and Charles Schmidt, attorney of record of said Grace Lee Smith, have hereunto set their hands and affixed their seals the 24th day of April, in the year one thousand nine hundred and thirty-four.

GRACE LEE SMITH (L. S.)

CHARLES SCHMIDT (L. S.)

Attorney of Record of

Grace Lee Smith.

Signed, sealed and delivered

in the presence of

PAUL A. VIVERS."

"State of New Jersey ⎰ ss.
County of Bergen ⎱

Be it remembered, that on this 24th day of April, 1934, before me, An Attorney-at-Law of New Jersey, personally appeared Grace Lee Smith, and Charles Schmidt, attorney of record of said Grace Lee Smith, who I am satisfied are the persons named in and who executed the foregoing instrument, and I having first made known to them the contents thereof, they did acknowledge that they signed, sealed and delivered the same as their voluntary act and deed, for the uses and purposes therein expressed.

PAUL A. VIVERS

Atty.-at-Law of N. J.

(Endorsed: Rec'd in Bergen Co.
Clerk's Office
Court Division
Apr. 26, 1934 10:47 A. M.)"

Thereafter the present suit was instituted on the failure of the defendant insurance carrier to make payment of the judgment of Charles W. Smith which he obtained against

Jean Storms as aforesaid. Execution on said judgment had been previously issued and returned unsatisfied.

In the case at bar the complaint against the present defendant, Phoenix Indemnity Company, pleads the former judgment and makes the insurance policy issued by the Phoenix Indemnity Company to Jean Storms a part of the complaint. The following excerpt of said policy (and the pertinent parts which the plaintiff relies on) is found in paragraph 1 of section I, which reads as follows:

"1. Bodily Injuries. To pay, within the limits specified in Statement 3, the loss from the liability imposed by law upon the Assured for damages (including consequential damages) on account of bodily injuries, including death resulting at any time therefrom, suffered or alleged to have been suffered by any person or persons as a result of such accidents."

And in paragraphs 1 to 4 (inclusive) of section III, which reads as follows:

"1. Named Assured Jean Storms
 Address 815 Linden Ave., Ridgefield, New Jersey.
 The named Assured is An Individual
 The named Assured's occupation or business is Restaurant Proprietor.
2. The Policy period shall be from October 17th, 1931, to October 17th, 1932, at twelve and one minute o'clock A. M., Standard time at the named Assured's address as to each of said dates.
3. The Company's liability, as respects each automobile covered hereby, shall be limited:
 (a) Under Agreement 1, to Ten Thousand Dollars ($10,000) for all claims arising out of bodily injuries to or the death of one person from any one accident and, subject to that limit for each person, the Company's total liability for all claims arising out of bodily injuries to or the death of more than one person from any one accident is limited to Twenty Thousand Dollars ($20,000).
 (b) Under Agreement 2, to Five Thousand Dollars ($5,000) as respects any one accident.

Regardless of the foregoing limits the Company will pay as provided in Agreement 4.

4. The full detailed description of each automobile to be covered by this Policy, the coverage hereunder as respects Agreement 2, and the premiums for all kinds of insurance effective, are as follows:

| Description of Automobiles | Automobile No. 1 | Automobile No. 2 | Automobile No. 3 |
|---|---|---|---|
| Trade name of Automobile | Buick | | |
| Year and Model of Car (Number or Letter) | 1930 57 | | |
| Type of Body (If truck state load capacity) | Sedan | | |
| Number of Cylinders | | | |
| Serial Number of Automobile | 2450616· | | |
| Serial Number of Motor | 2611445 | | |
| List Price (Chassis and Body) | | | |
| Date of original purchase & whether purchased new or second hand by named Assured. | | | |

Agreement 2 shall be effective as respects such automobile only in the event that the premium therefor is specifically entered in the proper Division provided below for such Agreement and for such automobile.

| Kinds of Insurance | Premium for Automobile No. 1 | Premium for Automobile No. 2 | Premium for Automobile No. 3 | Total Premium |
|---|---|---|---|---|
| Division for Agreement 1 — Bodily Injuries | $49.68 | | | $49.68 |
| Division for Agreement 2 — Property damage | 13.50 | | | 13.50 |
| | | | Total Premium | $63.18" |

The present case was submitted to this court (without a jury) for determination and for the purpose of a full inquiry. Counsel representing the respective parties to this present action have stipulated the use of the entire record, rules, and proceedings in the former suit of Charles W. Smith and Grace Lee Smith against Jean Storms.

The defendant in the instant case contends that because of the settlement to Grace Lee Smith in the sum of $10,000, it is relieved of its obligation with respect to both plaintiffs, because included in Charles W. Smith's claim are consequential damages, represented by medical expenses, hospital bills, loss of consortium and other expenses arising or flowing from the injuries to Grace Lee Smith. To accept this interpretation at this time, in my judgment, would be doing violence to the express language of Paragraph 3 of Section III, *supra*, of the insurance policy. Counsel has not submitted any law in justification of that contention. The case of *Sullivan* v. *Aetna Casualty and Surety Co.*, 115 *N. J. L.* 253, does not support the defendant's argument.

The present issue presents difficulties well recognized by counsel, as indicated by the following colloquy:

"The court: That is what the court said when there was an attempt made to start more than one suit.

"My difficulty, as I see it—what am I supposed to do, take the record in the case and try to work out from the record these various portions, and deduct from Smith's judgment those which are represented and should be, you say, considered as part of Mrs. Smith's judgment, because the pain and suffering, the consortium, the medical bills and the hospital bills are incidents to her action?

"Mr. Dawson: Well, I don't say you should do it. I doubt that you can do it. I say all those items have never been fixed in a way that you can apportion them to this policy.

"The court: Well, then——

"Mr. Major: Judge Caffrey, may I interpose at this moment and ask Mr. Dawson if his contention is that the insurance company is not liable at all, or liable only *pro tanto?*

"Mr. Dawson: Well, I have always said, and I said to Mr. Schmidt right away, that here was a situation where he must be entitled to something, and I thought we might sit down and work it out in some way. I think that there are some items that are covered by this policy, for instance, his personal injury, certainly.

"The court: You say I could not take the record, which is probably true. Then how would we go about ascertaining the precise amount that Mr. Smith would be entitled to?

"Mr. Dawson: I do not see how you can do it.

"The court: And suppose that we went to a jury trial on that, would not we encounter this difficulty, taking the steps chronologically in a suit such as this against the insurance policy, under the statute? We would have a new party, would we not, because the insurance company, while liable under the statute, is only liable in the event of insolvency on the part of the——

"Mr. Dawson: The assured.

"The court: ——of the assured. If we went to trial we would be suing an insurance company, and we would take testimony with respect to the injury sustained by Smith, would we not?

"Now, the difficulty, as I see it, with respect to that, is this: What jurisdiction in law, either by the act of negligence or the construction of the policy—what right would I have to do that, even with a jury trial?

"Mr. Dawson: Well, I don't think you could, or would have a right to do it.

"The court: Then what solution would you offer for me to arrive at it, assuming you were putting it to me to decide without a jury, on the record?

"Mr. Dawson: Well, judge, honestly, you are putting it to me—it embarrasses me to answer. But I try to be fair in these things, and I have thought all the time, and Mr. Mathias and I have talked it over, that there ought to be something done some way about this thing, and I thought that probably it could be worked out some way. I don't know. Mr. Schmidt has said, 'I want my eight,' and I say, 'there

is no way under Heaven how you can get your eight,' and I say that now, there is no way.

"The court: He has his eight, so far as the record is concerned.

"Mr. Dawson: He has got it, but he has not got the money."

In the former suit (by Charles W. Smith and Grace Lee Smith against Jean Storms) the jury rendered a general verdict in favor of each of the plaintiffs, as hereinbefore indicated. My understanding of the rule is that if there is evidence to support a general verdict, it will not be disturbed, even if there was included in the general verdict some elements of damage which could have been excluded upon proper objection. There was no defect, imperfection, or omission in this complaint, either in form or substance which could have been objected to upon demurrer and following an old principle of pleading, any other defect or omission is cured by the verdict. 1 *Saunders* 228 (*note* 1). Counsel for the present defendant could (at the trial of Charles W. Smith and Grace Lee Smith against Jean Storms) have specifically submitted requests to the court for the consideration of the jury, so that verdicts on the distinct counts set forth in the complaint would have been rendered. This was not done by counsel. This would have given us specifically—in dollars and cents—the elements of damage that the jury considered as proved.

I can see no lawful method which will permit me to dissect the verdict, much less disregard the judgment of Charles W. Smith in its entirety.

At the time of the trial, of Charles W. Smith and Grace Lee Smith, the insurance carrier, from an examination of the complaint, could have readily seen the demands of the present plaintiff as set forth in this complaint. The present defendant under the terms of its policy had entire control over the defense in the former suit (of Charles W. Smith and Grace Lee Smith against Jean Storms) and was put under a duty to make inquiry which would lead to the knowledge of the requisite facts. Nothing was done to limit the plaintiff or

to restrict the proof concerning his claim for damage. The defendant, by its said conduct, cannot now complain of this and under the circumstances the same constitutes a waiver and operates as an estoppel. *Cook* v. *Preferred Accident Insurance Co.*, 114 *N. J. L.* 141; 176 *Atl. Rep.* 178 (cited with approval in *O'Dowd* v. *United States Fidelity and Guaranty Co.*, 117 *N. J. L.* 444; 189 *Atl. Rep.* 97). These cases are not directly in point, but by analogy the principle set forth would apply. See, also, 81 *A. L. R.* (at *pp.* 1324 *et seq.*).

Judgment will be entered in favor of the plaintiff, Charles W. Smith, and against the defendant, Phoenix Indemnity Company, in the sum of $8,000 with interest from February 15th, 1934, and costs.

*Postea* in accordance with this determination may be submitted to the court.