FRANK PUSATERE AND ANNA GIORDANO, PLAINTIFFS-RESPONDENTS, v. NEW AMSTERDAM CASUALTY COMPANY, DEFENDANT-APPELLANT.

Submitted February 14, 1936—Decided April 30, 1936.

For the appellant, *John J. Crean* (*Frank M. Travaline,* Jr., of counsel).

For the respondents, *Frank M. Lario.*

PER CURIAM.

This is an appeal from summary judgments entered in favor of the plaintiffs upon the striking out of the defendant's answer.

The plaintiffs recovered judgments in the Camden City District Court against one Joseph Miccoli for injuries sustained in an automobile accident, occasioned by the negligence of Miccoli. Execution was issued on the judgments and having been returned unsatisfied, suit was thereupon brought by the plaintiffs in the New Jersey Supreme Court against the appellant.

This suit was upon the theory and allegation that the appellant had insured Miccoli against loss by liability imposed by law on him for damages on account of personal injuries suffered by any other person than Miccoli within the limits of the policy; that by reason of the compliance by Miccoli with the terms and conditions of the policy and by reason

of the insolvency clause of the policy, as required by chapter 153, *Pamph. L.* 1924, and amendments, the appellant, as insurance carrier, was liable to the injured plaintiffs for the amount of their judgments against Miccoli, the assured.

The answer admits all the allegations of the complaint, except that it denies that the terms and conditions of the policy were complied with on the part of Miccoli, and alleges that Miccoli had ample assets out of which to make the judgments and denies the right of the plaintiffs to recover against the appellant.

Four affirmative defenses are set up in the answer, viz.: (1) that the right to maintain a suit, if any, lies in the assured, Miccoli, and not in the present plaintiffs; (2) that the assured aided and abetted the plaintiffs and failed to co-operate with the appellant in defending the suit and under the terms of the policy the defendant is released of all liability by reason of such conduct; (3) that bringing of the suit and maintaining same was by virtue of an "argument" between Miccoli and the plaintiff, and such conduct violates the terms of said policy and released the defendant from liability; (4) that the bringing of the suit and maintenance of the same was and is a fraud upon the court and the defendant.

The plaintiffs moved to strike out the answer as sham and frivolous, which motion being granted the summary judgments appealed from were against the appellant.

In considering the motion to strike out the answer the court below had before it the complaint setting forth the facts and pertinent terms and conditions of the policy, the admissions contained in the answer itself and, by stipulation of counsel, certain of the affidavits used before the District Court on the argument therein made on the rule to show cause, as well as the testimony taken on the notice to strike the answer.

The appellant filed no answering affidavits and offered no testimony in support of the sufficiency of its answer.

The trial court found from the pleadings and proofs that the terms and conditions of the policy had been complied with by the assured; that the plaintiffs had a right to maintain

the suit against the appellant; and that the return of the execution unsatisfied (admitted in the answer) was sufficient, in the absence of any proof to the contrary, to establish the assured's insolvency. *Horn* v. *Commonwealth Casualty Co.,* 105 *N. J. L.* 616; *Jusiak* v. *Commercial Casualty Insurance Co.,* 11 *N. J. Mis. R.* 869; 169 *Atl. Rep.* 551. In addition to this, the depositions taken under the motion to strike the answer clearly indicated that the assured was insolvent.

The trial court further found that there was no merit in any of the affirmative defenses set up by the appellant in its answer.

It has been frequently held by this court, as well as by other courts of this state, that where a plaintiff moves to strike out an answer on the ground that it discloses no legal defense and for summary judgment, on affidavits justifying a finding that defendant has no meritorious defense, and the defendant makes no reply to the moving affidavits, plaintiff is entitled to judgment so far as the merits of the case are concerned. *Lembeck & Betz Eagle Brewing Co.* v. *Krause,* 94 *N. J. L.* 219; *Milberg* v. *Keulhe,* 98 *Id.* 779; *Danenhower, Trustee,* v. *Birch, Jr.,* 97 *Id.* 193.

A careful examination of the record satisfies us that the pleadings and proofs before the court clearly established a right of recovery on the part of the plaintiffs against the appellant, and that the answer, unsupported by affidavit or otherwise, was sham and frivolous, and was properly stricken from the record and that the judgments below should be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.